UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL MAYHO                                              CIVIL ACTION

VERSUS                                                  NO. 07-5671

BURL CAIN                                               SECTION "R"(6)

## TRANSFER ORDER

Petitioner, PAUL MAYHO, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1991 state court conviction and sentence. To support his challenge, petitioner raises the following grounds for relief.

1)   The recent rulings of the Fourth Circuit Court of Appeal contain material errors and reasoning;

2)   The system of selecting grand jury members in Orleans Parish is unconstitutional;

3)   La. C.Cr.P. art. 413(c) is an unauthorized local law;

4)   Deloch v. Whitley cannot stand judicial scrutiny as a procedural bar;

5)   He was denied effective assistance of counsel by the failure to file a pretrial motion to quash;

6)   The indictment was deficient;

7)   The jury instruction on reasonable doubt was erroneous and his conviction should be vacated even in the absence of a contemporaneous objection; and

    8)      Petitioner's claims fall within an exception to the time bar of La. C.Cr.P. art. 930.8(A)(2).

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Paul Mayho v. Richard L. Stalder</u>, Civil Action No. 93-0391 "H." In that petition, petitioner asserted that there was insufficient evidence on which to sustain the conviction. The petition was dismissed with prejudice on the merits by Judgment entered July 28, 1993. Petitioner appealed the judgment. The United States Fifth Circuit Court of Appeals affirmed the judgment. <u>Paul Mayho v. Richard L. Stalder</u>, 93-3619 (5th Cir. 1994).

Petitioner filed a second petition for habeas corpus relief related to this same conviction and sentence entitled <u>Paul Mayho v. Burl Cain, Warden</u>, Civil Action No. 97-2936 "D"(6). In this petition, petitioner raised the following grounds for relief:

    (1)      He was denied equal protection under the law because the jury was selected in a racially discriminatory manner;

    (2)      His sentence was excessive;

    (3)      Appellate counsel was ineffective; and

    (4)      Trial counsel was ineffective.

This second or successive petition was construed in part as a motion for authorization for the District Court to consider the claims and transferred to the United States Fifth Circuit Court of Appeals. The Fifth Circuit denied that motion. <u>In Re: Mayho</u>, 98-31202 (5th Cir. 1998).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

    1)       the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

    2)       (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that PAUL MAYHO's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this \_\_\_\_14th\_\_\_\_ day of _____December_____, 2007.

_____
Sarah Vance
UNITED STATES DISTRICT JUDGE